UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LEONARDO PINA** | : | **DOCKET NO. 2:23-cv-01628** |
| REG. # 21070-479 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **FELIPE MARTINEZ, JR.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Leonardo Pina on November 17, 2023. Doc. 1. Pina is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I.
#### BACKGROUND

Leonardo Pina (Petitioner) filed a petition for writ of habeas corpus claiming the Bureau of Prisons (BOP) will not apply credits he has earned under the First Step Act (FSA) towards transfer to a halfway house because they have mistakenly claimed that a Final Order of Deportation has been entered. Doc. 1, p. 5. Petitioner contends that no removal proceeding, required prior to

entering a Final Order, took place and that the FSA does not make prisoners with "administrative" removal orders ineligible to apply credits. *Id.*

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Law

The FSA authorizes the Bureau of Prisons to grant Federal Time Credits (FTC or "FSA Time Credits") to eligible inmates. See 18 U.S.C. § 3624(g). "An eligible inmate… may earn FSA Time Credits for programming and activities in which he or she participated from December 21, 2018, until January 14, 2020," and "may earn FSA Time Credit if he or she is successfully participating in [Evidence-based Recidivism Reduction (EBRR)] programs or [Productive Activities (PAs)] that the Bureau has recommended based on the inmate's individualized risk needs assessment on or after January 15, 2020." 28 CFR § 523.42(b). Depending on the inmate's

status, he may earn either 10 or 15 days for every 30 days of programming. See 28 CFR § 523.42(c).

Assuming he meets the eligibility criteria, and has a term of supervised release as part of his sentence, the BOP may apply those credits to transfer (in effect release) the inmate to supervised release up to twelve months early:

> If the sentencing court included as a part of the sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under 3632.

18 U.S.C. § 3624(g)(3); see also 28 C.F.R. § 523.44(d) (stating that BOP may apply FSA Time Credits toward early transfer to supervised release "no earlier than 12 months before the date that transfer to supervised release would otherwise have occurred."). However, FSA credits cannot be applied to the sentence until an inmate has earned credits "in an amount equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A).

Prior to February 6, 2023, BOP policy precluded inmates with any kind of detainer from applying earned credits towards early transfer to supervised release. See Program Statement 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4) at 14 (available at www.bop.gov). However, as of February 6, 2023, detainers, in and of themselves, are no longer considered disqualifying, while inmates with a final order of removal remain ineligible. *See id.*; see also 18 U.S.C. § 3632(d)(4)(E) (prisoner with a "final order of removal" is ineligible to apply FSA Time Credits).

C. *Application*

a. *Final Order of Removal*

The Court first addresses Pina's challenge to the validity of the Final Order of Removal before turning to the merits of his petition. Pina claims that a removal proceeding is required for a final order of removal, and such proceeding has never taken place. Doc. 1, p. 5.

Although the Court recognizes Pina's concerns regarding the Final Order of Removal, it lacks jurisdiction over his challenge to its validity. Rather, that authority lies solely with the appropriate circuit court of appeals. *Quiceno v. Segal*, 2023 U.S. Dist. LEXIS 989548, *6 (D. Minn. April 21, 2023) (citing U.S.C. § 1252 (a)(5); *Tostado v. Carlson,* 481 F.3d 1012, 1014 (8th Cir. 2007) ("[A] petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal, deportation, or exclusion."); *Anyanwu v. Bd. of Immigr. Appeals*, Civ. No. 18-707 (NEB/TNL), 2018 U.S. Dist. LEXIS 187357, 2018 WL 5660158, at *3 (D. Minn. Sept. 27, 2018) (holding district court lacked jurisdiction to consider petitioner's habeas challenge to his deportation order)).

Moreover, to the extent Pina seeks to collaterally attack his Final Order of Removal, or challenge whether he received proper notice prior to the issuance of the Final Order Removal, there are established procedures for him to do so within the framework of immigration proceedings. *Quiceno, supra*, (*citing* 8 U.S.C. § 1003.23(b)(ii)). Specifically, an in-absentia removal order may be reopened or rescinded if the petitioner "files a motion demonstrating the petitioner did not receive notice of the removal proceedings or was in 'Federal or State custody' preventing him or her from attending the hearing." *Id*. (*citing Gallegos v. Garland*, 25 F.4th 1087, 1093 (8th Cir. 2022) (citing 8 U.S.C. § 1229a(b)(5)(C)(ii))). Pina must file any such motion with the immigration court having administrative control over the Record of Proceedings. 8 U.S.C. §

1003.23(b)(ii). *Id*. Unless and until Pina avails himself of the proper procedures to effectively challenge his Final Order of Removal, it remains valid, and the Court must evaluate his habeas petition on that basis.

### *b. Habeas Petition*

Pina argues that the BOP is refusing to transfer him to a halfway house because of their mistaken "belief" that he is subject to a Final Order of Removal and that the administrative final order of removal does not make him ineligible to apply FSA credits. However, the FSA clearly states that "[a] prisoner is ineligible to apply [FSA Time Credits] if the prisoner is the subject of a final order of removal under any provision the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). Because the Court has determined that Petitioner is subject to a Final Order of Removal, which neither the immigration court nor the appellate court has found it to be invalid, he is not eligible to apply any FSA Time Credits she may have earned. The Court recommends his petition be denied and this matter dismissed with prejudice for these reasons.

### III.
### CONCLUSION

For the reasons stated above, Leonardo Pina's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that all pending motions be **DISMISSED** as MOOT.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE AND SIGNED in Chambers this 11th day of December, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE